IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL NO. 1:09cr100WJG-RHW-1

LATANICIA MCMILLAN ROGERS

O R D E R

THIS CAUSE is before the Court on the motion [30] of Defendant Latanicia McMillan Rogers to dismiss the Indictment pending against her for an alleged violation of the Sixth Amendment guarantee of a speedy trial. Rogers is currently charged in an seven-count Indictment with conspiracy to defraud the United States of America [United States] for acts committed beginning on or about April 23, 2003, and continuing through January 14, 2005, in violation of 18 U.S.C. §§ 2 and 286; three counts of health care fraud involving acts occurring in December 2004 and January 2005; knowingly and willfully making or causing to be made a false and fraudulent claims in violation of 18 U.S.C. §§ 2 and 1347; knowingly and willfully falsifying, concealing and covering up a material fact in connection with the delivery of, and payment for, health care benefits by a health benefit program in December 2004 in violation of 18 U.S.C. § 1035; and stealing, purloining, and knowingly converting more than $1,000 in funds belonging to the United States in violation of 18 U.S.C. §§ 2 and 641. (Ct. R., Doc. 3, pp. 1-15.) The Indictment also includes a notice of forfeiture.

According to Rogers, the United States should dismiss the current Indictment against her

due to an alleged violation of her right to a speedy trial following a two-year delay in the prosecution of these charges. (Ct. R., Doc. 30, p. 2.) An Indictment was brought against Rogers on November 20, 2007, in the United States District Court of Mississippi, Jackson Division, Criminal Number 3:07cr163WHB-JCS-3, [3:07cr163-3], in which she, along with two co-defendants, were charged with conspiracy to commit health care fraud in violation of 18 U.S.C. § 371; three counts of health care fraud in violation of 18 U.S.C. § 1347 for acts which occurred in April 2004; and fifteen counts of making a false statement or false acts in violation of 18 U.S.C. § 1035 for acts occurring between December 2003 and August 2004. (3:07cr163-3, Ct. R., Doc. 1, pp. 1-20.) Motions to continue filed by co-defendants were granted in the case on January 17, 2008, following substitution of counsel. (*Id.*, Ct. R., Doc.) Rogers filed a motion and to continue in the case on April 17, 2008, and an amended motion to continue on April 23, 2008, which were subsequently granted by Order on April 29, 2010; Rogers' trial was continued to the trial calendar beginning August 5, 2008. (*Id*., Docs. 34, 35, and Text Only Order.) A separate waiver of speedy trial was entered in the case by Rogers on August 5, 2008, and on August 8, 2008, the Court granted Defendant's *ore tenus* motion requesting a continuance, rescheduling her trial for October 14, 2008. (*Id*., Docs. 37, 38.) A motion to compel and strike prospective testimony of a co-defendant were filed by Rogers on September 5, 2008, with a subsequent joint motion to continue and waiver of speedy trial filed on September 16, 2008. (*Id*., Docs. 40, 41, 43, 44.) On October 7, the Court granted the motion to continue, rescheduling the trial for the calendar beginning November 4, 2008. Another joint motion to continue was filed on October 24, 2008, with a waiver of speedy trial. (*Id*., Doc. 45, 46.) Following a motion to dismiss the Indictment against Rogers filed by the United States, the Court entered its order granting the

motion to dismiss without prejudice on October 28, 2008. (*Id.*, Docs. 47, 48.)

The Indictment in the case now before this Court was filed December 2, 2009. (Ct. R., Doc. 3.) The standard thirty days were excluded from the Speedy Trial clock upon Defendant's arraignment. (Ct. R., Doc. 20, p. 4.) Her motion to dismiss for the alleged speedy trial violation was filed January 4, 2010. (Ct. R., Doc. 30.)

According to the United States, the time which elapsed between the dismissal of the original Indictment and the filing of the current Indictment is not included in the Speedy Trial calculation. (Ct. R., Doc. 34, p. 3.) Arraignment on the current Indictment was held on December 17, 2009. (Ct. R.) The exclusion of the thirty-day period triggered by her arraignment delayed the commencement of the Speedy Trial clock to January 16, 2010. (Ct. R., Doc. 20, p. 4.) The instant motion was filed January 4, 2010, tolling the Speedy Trial clock. (Ct. R., Doc. 30.)

Roger alleges a violation of the Sixth Amendment. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." The right to a speedy trial "attaches at the time of arrest or indictment, whichever comes first, and continues until the date of trial." *United States v. Garcia*, 995 F.2d 556, 560 (5th Cir. 1993). The speedy trial clause of the Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." UNITED STATES CONSTITUTION AMEND. VI. In determining whether this right was violated, the court looks to and balances four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of her rights, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The length of the delay is a "triggering mechanism" and there is "no

necessity for inquiry into the other factors that go into the balance" analysis until there has been delay which is presumptively prejudicial. *Barker*, 407 U.S. at 530. If, as in this case, more than one year has passed before trial begins, the delay is presumed prejudicial and the court looks to each of the first three factors to determine whether prejudice will be presumed. *United States v. Parker*, 505 F.3d 323, 328 (5th Cir. 2007). Delays of less than five years are not enough to presume prejudice. *Parker*, 505 F.3d at 328-9. A one-year delay, however, is enough to warrant a full analysis of the Barker factors. *United States. v. Serna-Villarreal*, 352 F.3d 225, 232 (5th Cir. 2003).

Rogers claims that the trial has been delayed by 25 months. (Ct. R., Doc. 32, p. 2.) This includes the time period between the dismissal of the first Indictment without prejudice on October 28, 2008, and her initial appearance on the instant charges on December 17, 2009. (Ct. R., Doc. 30, pp. 1-2.) No Sixth Amendment right to a speedy trial arises until charges are pending. Therefore, any time between the Indictments when charges against the Defendant were not pending is excludable. *United States v. MacDonald*, 456 U.S. 1, 7 (1982). Although the Fifth Amendment's Due Process Clause protects an accused against pre-indictment delay, Rogers has not asserted a claim for violation of these rights during the time period between the dismissal of the first Indictment and her Indictment in this case. (Ct. R., Doc. 30.)

During the time period encompassing the first Indictment, the Defendants filed multiple motions to continue the trial which tolled the running of the clock. The clock was not tolled during the very few days between August 5, 2008, and August 8, 2008, on the first Indictment.

In the instant case, as previously stated, the Speedy Trial clock was tolled during the thirty-day time period excluded by the court's discovery order, which included January 16, 2010.

(Ct. R., Doc. 20.) Following the filing of this motion to dismiss, and subsequent response filed by the United States, Rogers filed a motion to continue the trial setting with an accompanying waiver of speedy trial on January 15, 2010. (Ct. R., Docs. 35.) She indicated in her motion that the interests of justice outweighs her interest in a speedy trial. (*Id*.) The Court granted the motion to continue and trial of this matter was set for April 12, 2010. (Ct. R., Doc. 38.)

The non-excludable delay in this case, if any, has been about forty days following the completion of briefing on this motion. Within that time period, Rogers filed her previously mentioned motion for a continuance of her trial setting. (Ct. R., Doc. 35.) To establish that a violation of the Sixth Amendment right to a speedy trial has occurred, a showing of mere delay is not sufficient; there must be a showing that "the [United States] intentionally delayed the indictment to gain a tactical advantage, and that the delay caused [the defendant] actual and substantial prejudice." *United States v. Carlock*, 806 F.2d 535 (5th Cir.1986) (citations omitted). Because the first three of the *Barker* factors do not weigh heavily in Rogers' favor, she is not entitled to a presumption of prejudice. She must demonstrate "actual prejudice" which would outweigh the other factors. "Actual prejudice" is assessed in light of the three following interests of the defendant: (1) "to prevent oppressive pretrial incarceration"; (2) "to minimize anxiety and concern of the accused"; and (3) "to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532.

In this case, there has been no showing of prejudice. Indeed, Rogers' motion to continue acknowledges that because of the complex nature of this case, additional time for preparation was necessary. (Ct. R., Doc. 35.) The Court, therefore, finds that there is no showing that an impermissible time period has elapsed under the Speedy Trial Act or the Sixth Amendment, and

concludes that the motion to dismiss should be denied.  *See United States v. Neal*, 27 F.3d 1035, 1042-3 (5th Cir. 1994).  It is therefore,

ORDERED AND ADJUDGED that the motion [30] to dismiss the indictment for a violation of Speedy Trial provisions be, and is hereby, denied.

SO ORDERED AND ADJUDGED this the 24th day of March, 2010.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE