IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL NO. 1:09cr100WJG-RHW-1

LATANICIA MCMILLAN ROGERS

O R D E R

THIS CAUSE is before the Court on the motion [31] of Defendant Latanicia McMillan Rogers, to dismiss the Indictment pending against her for alleged selective prosecution on the part of the United States of America, [United States].  Rogers asserts that Georgia Journey and Jackie Crowley, two individuals who allegedly had numerous business dealings with Jim Davis Hull, were never charged with any crimes like the charges brought against Rogers. (Ct. R., Doc. 31, pp. 1-2.)  Rogers contends that such conduct on the part of the United States creates a *prima facie* showing that the United States' acts were motivated by improper consideration.  (*Id.*, p. 2.)

The United States maintains that Rogers has not met her burden of showing she was singled out for prosecution because of a discriminatory purpose.  (Ct. R., Doc. 33, p. 5.)  A failure to prosecute other individuals who may have violated the same laws is insufficient to establish discriminatory prosecution according to the United States.  (*Id.*, p. 4.)  The United States asserts that Jackie Crowley is improperly identified, and notes that Jacqualine Crawley was indicted for her role in similar fraudulent schemes; tried to a jury in this district, and is currently serving her sentence in federal custody.  (Criminal Action No. 1:07cr125LG-RHW-4.)  Charges were dismissed against Georgia Journey.

In order to succeed on her claim of selective prosecution, Rogers must show that other similarly-situated offenders were not prosecuted, and that the United States charged her in this offense for a discriminatory reason. *See United States v. Cooks,* 52 F.3d 101, 105 (5th Cir. 1995). She must show that her selection for prosecution was undertaken in bad faith and rests on such impermissible considerations as race, religion, or the desire on the part of the United States to prevent the exercise of her constitutional rights. *United States v. Jones*, 287 F.3d 325, 334 (5th Cir. 2002).

According to her allegations, the fact that Georgia Journey and Jackie Crowley were not prosecuted is evidence of selective prosecution, although she offers nothing in support of her allegations. (Ct. R., Doc. 31.) Further, she offers no evidence to indicate any discriminatory *animus* present in this prosecution. The Court therefore concludes that she fails to carry her burden of establishing invidious selective prosecution and that the motion to dismiss should be denied. *United States v. Sparks*, 2 F.3d 574, 580 (5th Cir. 1993). The Court further concludes that her related request for a hearing on this matter should be denied as moot. *See United States v. Dukes*, 139 F.3d 469, 474 (5th Cir. 1998); *See United States v. Jennings,* 724 F.2d 436 (5th Cir.), *cert. denied,* 467 U.S. 1227 (1984). It is therefore,

ORDERED AND ADJUDGED that Defendant's motion [31] to dismiss the Indictment based on selective prosecution be, and is hereby, denied.

SO ORDERED AND ADJUDGED this the 24th day of March, 2010.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE