IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL NO. 1:09cr100WJG-RHW

LATANICIA MCMILLAN ROGERS (1);
and WAYNE ROGERS (2)

O R D E R

THIS CAUSE is before the Court on the motions of the Defendants, Latanicia McMillan Rogers [Latanicia, 95], and Wayne Rogers [Wayne, 94], to reconsider the Court's order entered August 6, 2010, denying their motions for acquittal. (Ct. R., Doc. 92) According to Defendants, the Court used "false or incomplete findings of facts," (Ct. R., Doc. 94, p. 6), or "incorrect or incomplete findings," (Ct. R., Doc. 95, p. 2), in reaching its decision in this case. Several alternative "plausible" explanations were offered by Defendants to establish that the Court was in error in issuing its order. (Ct. R., Doc. 94, pp. 2-7; Doc. 95, pp. 1-4.) These included a request that the Court take judicial notice of case agents' notes made after interviewing Jim Davis Hull. (Ct. R., Doc. 94, pp. 1-4.) Defendants also maintain that the Court should not have used a deliberate ignorance instruction and should have given a good faith instruction to the jury. (Ct. R., Doc. 94, pp. 8-10; Doc. 95, pp. 2-4.)

Federal Rule of Criminal Procedure 29(a) provides that a court, on a defendant's motion, "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." In considering a motion for judgment of acquittal, the court considers

whether a reasonable jury could conclude that the evidence presented, viewed in the light most favorable to the United States, established the defendant's guilt beyond a reasonable doubt. *United States v. Duncan*, 164 F.3d 239, 242 (5th Cir. 1999).

"It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Holley*, 23 F.3d 902, 908 (5th Cir. 1994). When considering the evidence and reaching a verdict on the evidence, the factfinders "may properly 'use their common sense' and 'evaluate the facts in light of their common knowledge of the natural tendencies and inclinations of human beings.'" *United States v. Ayala,* 887 F.2d 62, 67 (5th Cir. 1989) (quoting *United States v. Henry,* 849 F.2d 1534, 1537 (5th Cir. 1988)). In addition, "[a] jury is free to choose among reasonable constructions of the evidence." *United States v. Clark*, 577 F.3d 273, 284 (2009), *cert. denied* ___ U.S. ___, 130 S.Ct. 809 (2003). In reaching a decision on a rule 29 motion, the Court must determine whether a "rational jury could have found the defendant guilty beyond a reasonable doubt." *See United States v. Barlow*, 568 F.3d 215, 219 (5th Cir. 2009). The Court employed this standard in reaching its decision on the motion. The decision was reached based on the evidence and arguments presented during trial.

As previously stated, Defendants assert that the Court utilized false, incorrect or incomplete *findings* in reaching its conclusion on the earlier Rule 29 motion, (Ct. R., Doc. 94, p. 6; Doc. 95, p. 2.). It is inconceivable to the Court that Defendants intended to suggest that the Court would intentionally falsify or manipulate facts to somehow reach a particular finding yielding a specific outcome in a criminal proceeding before the Court. The Court has no interest

in the ultimate outcome of any case, and in a jury trial, the outcome is solely within the province of the jury. A more accurate statement may be that the Court's findings were based on facts or evidence in the records that are inconsistent with Defendants' position of not guilty. In any case, Defendants do not identify which "findings" they claim to be have been made based on false, incorrect or incomplete facts as presented to the jury.

These motions appear to advance arguments different from those presented in the initial Rule 29 motion. Motions for reconsideration are not to be employed to allow a party to advance arguments that could have and should have been initially presented to the district court in a motion for new trial. If so, the motions to reconsider are, instead, a second attempt to submit an original motion for acquittal under Rule 29(c). If the Court were to consider these motions as *new* motions for acquittal, the motions are untimely because they were filed more than seven days after the verdict.

For reconsideration Defendants are required to show newly discovered evidence or manifest error of law, neither of which are demonstrated in these motions. Defendants must overcome two high hurdles in this case: (1) the burden of overturning a jury verdict under Rule 29 (or for a new trial under Rule 33); and (2) the burden of proof necessary to allow the reconsideration of an already-decided motion. Neither of these standards were met.

The agent's notes do not constitute new evidence, especially as Defendants knew the substance of the statements prior to trial, and there is no indication that the result at trial would have been any different had this evidence been submitted to the jury. The Court has already thoroughly considered, addressed and rejected Defendants' arguments regarding the jury instructions. Further the Court has no obligation to take judicial notice of information which

could have been presented as evidence during the trial on the merits. In addition, the Court has no influence on what evidence the jury used in rendering its verdict in this case, and although certain facts were cited to support the jury's verdict, to establish "whether, [in] viewing the evidence in the light most favorable to the [United States], a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt," the Court did not intend to imply that these were the facts utilized by the jury in reaching its decision. *United States v. Greer,* 137 F.3d 247, 249 (5th Cir. 1998). The Court finds nothing in the present motions to reconsider which would cause the Court to reconsider its prior ruling. It is therefore,

ORDERED that the motions for reconsideration of the Court's August 6, 2020, order, (Ct. R., Doc. 92), on the motions for judgment of acquittal [94, 95] be, and are hereby, denied.

SO ORDERED, this the 3rd day of September, 2010.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE