IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:09CR100-LG-RHW-1

**LATANICIA MCMILLAN ROGERS**

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR POST-SENTENCE REHABILITATION REDUCTION

**BEFORE THE COURT** is the [166] Motion for Post-Sentence Rehabilitation Reduction filed by Defendant, LaTanicia McMillan Rogers. The Government filed a [168] Response in Opposition, to which Plaintiff filed a [173] Reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's Motion should be denied.

### BACKGROUND

On May 24, 2010, a jury convicted Rogers of violations of 18 U.S.C. §§ 286, 1347, 1035, and 64 for her role in a Medicare fraud scheme. The Court sentenced Rogers to 188 months imprisonment, 3 years of supervised release, and restitution totaling $8,160,655.69. During the pendency of this Motion, Rogers was transferred to home confinement, although she remains subject to reincarceration at the discretion of the Bureau of Prisons ("BOP"). She is scheduled to be released on September 25, 2023.

On January 8, 2020, Rogers filed a pro se Motion for Compassionate Release based on her "tremendous strides towards rehabilitation," including employment at UNICOR and completion of various classes and programs. (Mot. Request. Post-

Sent. Rehab. 1-2, ECF No. 166). On April 24, 2020, the Government filed a response in opposition to the Motion, arguing that (1) Rogers failed to exhaust her administrative remedies, and (2) Rogers had not demonstrated any extraordinary or compelling reason to grant a reduction. Rogers then filed a reply on May 27, 2020, now represented by counsel, which set forth her arguments in greater detail and added arguments concerning her familial needs and the relative length of her sentence compared to other defendants.

## DISCUSSION

### I.     Ripeness of Defendant's Motion

A district court may reduce a defendant's term of imprisonment after (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). To that end, Rogers made a request through counsel to the Warden of FCI Coleman Low on April 23, 2020, seeking either home confinement or compassionate release. (Request, ECF No. 174). There is no indication that this request has been answered. Therefore, as 30 days have now passed since this request, the Court may consider Rogers's Motion on the merits. *United States v. Jimison*, No. 4:08-CR-11-DPJ-LRA, 2020 WL 3213429, at *2 (S.D. Miss. Jun. 15, 2020) (considering a motion for sentence reduction even though the defendant "filed his motion before exhausting his administrative remedies," as the period elapsed in the intervening time).

## II. Merits of Defendant's Motion

Defendant's original pro se Motion cites her "tremendous strides towards rehabilitation," including her employment at UNICOR and her completion of various classes, as well as "her need to reconnect with her family" as reasons to grant a post-sentence reduction. (Mot. Requesting Post-Sent. Rehab. Reduction 1-2, ECF No. 166). She elaborates on these points in her reply brief and adds an argument from sentencing disparities, observing that she has already served a longer sentence than any of her codefendants. (Reply Supp. Mot. Compassionate Release, ECF No. 173).

A court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id.*

The Sentencing Commission has not issued a relevant policy statement since 18 U.S.C. § 3582(c)(1)(A) was amended to permit defendants to file motions for compassionate release.[1] Some courts continue to obtain guidance from the prior policy statement, U.S.S.G. § 1B1.13, while other courts have determined that they are no longer bound by the prior policy statement. *Compare United States v. York*, Nos. 3:11CR76, 3:12CR145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019),

---

[1] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

*with United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019). Regardless of whether the policy statement remains binding, it continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release.

The policy statement provides that family circumstances may constitute an extraordinary or compelling reason by virtue of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C)(i)-(ii). The policy statement further provides that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *Id.* cmt. n.3; *see also* 28 U.S.C. § 995(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary or compelling reason.").

Although the Court is sympathetic to Defendant's desire to participate in the lives of her children and husband, she has not shown that her family condition amounts to an extraordinary or compelling reason. The Sentencing Commission's policy statement provides that death or incapacitation of the defendant's spouse or a caregiver of the defendant's children justifies sentence reduction—in other words, that the defendant has become the only available caregiver. *See* U.S.S.G. § 1B1.13 cmt. n.1(C)(i)-(ii). The conditions of Defendant's home confinement, while certainly more restrictive than customary family life, do not rise to this level of severity. Defendant reports that she cannot attend events, shop for groceries, or visit her

children out-of-state. (Reply Supp. Mot. Compassionate Release 11-12). Defendant also cites behavioral and academic problems with her children, as well as her fear of losing home confinement, as warranting her release. (*Id.* 5-7). These limitations and circumstances, while certainly unfortunate, do not justify sentence reduction.

While Defendant indicates that she has made a concerted effort towards rehabilitation, this fact alone cannot constitute an extraordinary or compelling reason to warrant compassionate release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). However, courts may consider "rehabilitation in combination with the other factors to constitute, in their entirety, extraordinary and compelling reasons." *United States v. Castillo*, No. H-08-146-01, 2020 WL 2820401, at *4 n.17 (S.D. Tex. May 29, 2020) (citing *Pepper v. United States*, 562 U.S. 476, 490-91 (2011)). The Court acknowledges Defendant's considerable rehabilitative efforts while incarcerated. (*See*. Mot Requesting Post-Sent. Rehab. Reduction 1, ECF No. 166).[2] But neither her rehabilitation nor the other grounds listed by Defendant even approach the level of "extraordinary or compelling" necessity contemplated by the statute or policy statement. *See United States v. Alexander*, No. 14-126-JWD-EWD, 2020 WL 2468773, at *3 (M.D. La. May 13, 2020) (holding that the defendant's "efforts at rehabilitation . . . are only relevant if he demonstrates an 'extraordinary and compelling' reason for release."). Because Defendant's family circumstances

---

[2] Defendant has completed several vocational and religious programs and engaged in employment at UNICOR. (Reply Supp. Mot. Compassionate Release 14, ECF No. 173).

and rehabilitation fall short of the level of severity required, they cannot together justify compassionate release.

Defendant also argues that disparities in the sentencing of related defendants favor her release. (Reply Supp. Mot. Compassionate Release 12-13, ECF No. 173). When considering the § 3553 factors, the Court is directed to consider "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Defendant notes that her codefendant husband served 135 months and was released over a year ago, and another conspirator was released over seven years ago pursuant to a plea agreement. (Reply Supp. Mot. Compassionate Release 13, ECF No. 173). However, Defendant has not shown that these differences were unwarranted, given that they were found guilty of different charges.

The Court further finds that none of the other § 3553 factors justify compassionate release at this time. The Southern District of Texas, faced with a defendant who had only completed "a quarter of his sentence" for Medicare fraud convictions and who suffered from medical vulnerabilities to COVID-19, held that a reduction would be disproportionate to his remaining time and recommended home confinement. *United States v. Gibson*, No. H-12-600-2, 2020 WL 2749759, at *4 (S.D. Tex. May 27, 2020). Here, Defendant has already been transferred to home confinement with around 39 months of her sentence remaining. Under these conditions, and without any other "extraordinary or compelling reason" to justify a sentence reduction, the Court cannot disturb Defendant's sentence.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [166] Motion Requesting Post-Sentence Rehabilitation filed by the defendant, LaTanicia McMillan Rogers, is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 22nd day of June, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE